LAW OFFICES
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

Attorneys for: Defendant

**FILED**
DISTRICT COURT OF GUAM

JUN 26 2008 PD.

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00025 |
| Plaintiff, | |
| vs. | |
| NICHOLAS L. LEWIS, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| Defendant. | |

The Government has filed an Information in which Counts I and III are duplicitous. Count I provides as follows:

> On or about 12 March 2008, in the District of Guam, the defendant, NICHOLAS L. LEWIS, at U.S. Naval Base, Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did operate or was in physical control of a motor vehicle while under the influence of alcohol, in violation of 16 Guam Code Annotated, Section 18102(a) (as enacted on June 22, 1993, Public Law 22-20), and Title 18, United States Code, Sections 7(e) and 13.

Count III provides as follows:

> On or about 12 March 2008, in the District of Guam, the defendant, NICHOLAS L. LEWIS, at U.S. Naval Base, Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did drive his motor vehicle upon a highway in willful or wanton disregard for the safety of persons or property thereon, in violation of 16 Guam Code Annotated, Section 9107 (a) and Title 18, United States Code, Sections 7(e) and 13.

ORIGINAL

Both Counts I and III are duplicitous in that they each contain two separate crimes within each count. In Count I, they allege that Defendant did operate or was in physical control of a motor vehicle and in Count III, they allege that Defendant did drive upon a highway in a willful or wanton disregard for the safety of persons or property thereon. In Count III, one of the crimes, willfully, is with intent while the other crime, wantonly, would be recklessness.

The Government has therefore charged two different mental states on the disjunctive in each of the counts. A charge which contains two distinct crimes is duplicitous. U.S. v. Murray, 618 F.2d 892 (2nd Cir., 1980); U.S. v. Klinger, 128 F.3d 705 (9th Cir., 1997).

One of the most important concepts of pleading is that a person can determine that the jury has reached a unanimous decision. United States v. Cooper, 966 F.2d 936 (5th Cir., 1992).[1]

## CONCLUSION

Based upon the foregoing, Defendant LEWIS asks the court to either dismiss Counts I and III of the Information, or require the Prosecution to elect which of the two crimes they are going to go forward with, in each count, before the jury in this matter.

Respectfully submitted this 25 day of June, 2008.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant

By _F. Randall Cunliffe_
F. RANDALL CUNLIFFE, ESQ.

---

[1] The ban against duplicitous indictments derives from four concerns: (1) prejudicial evidentiary rulings at trial; (2) the lack of adequate notice of the nature of the charges against the defendant; (3) prejudice in obtaining appellate review and prevention of double jeopardy; and, (4) risk of a jury's non-unanimous verdict.

-2-
Case 1:08-cr-00025   Document 25   Filed 06/26/2008   Page 2 of 2